Citation Nr: 1331587 
Decision Date: 09/30/13 Archive Date: 10/02/13

DOCKET NO. 05-29 382 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUES

1. Propriety of the reduction in the rating assigned to bilateral calcified pleural plaquing from 30 percent to a noncompensable rating, effective November 1, 2012.

2. Entitlement to a total disability rating based on individual unemployability.


REPRESENTATION

The Veteran is represented by: Robert V. Chisholm, Attorney


ATTORNEY FOR THE BOARD

S. Pflugner, Counsel



INTRODUCTION

The Veteran served on active duty from February 1952 to January 1956. 

With respect to the issue of the propriety of the reduction in the rating assigned to bilateral calcified pleural plaquing from 30 percent to a noncompensable rating, effective November 1, 2012, this matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2012 rating decision by a Department of Veterans Affairs (VA) Regional Office in Reno, Nevada (RO).

With respect to the issue of entitlement to a total disability rating based on individual unemployability (TDIU), in an October 2010 decision, the Board determined that this issue was reasonably raised consequent to a claim of entitlement to an initial rating in excess of 30 percent for bilateral calcified pleural plaquing, resultant from exposure to asbestos. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The increased rating claim giving rise to the TDIU claim came before the Board on appeal from a November 2004 rating decision by the RO. In the October 2010 decision, the Board remanded the issue of entitlement to TDIU for further development and adjudication. After the RO issued March 2012, October 2012, and January 2013 supplemental statements of the case, the issue of entitlement to TDIU was been returned to the Board for further appellate review.

This appeal has been advanced on the Board's docket. 38 U.S.C.A. § 7107(a)(2) (West 2002); 38 C.F.R. § 20.900(c) (2012).

The issue of entitlement to a total disability rating based on individual unemployability will be addressed in the REMAND portion of the decision below and is REMANDED to the RO.


FINDING OF FACT

The August 2012 decision, which reduced the rating for the Veteran's service-connected bilateral calcified pleural plaquing from 30 percent to a noncompensable rating, failed to comply with pertinent law and regulations by not assessing whether the underlying examinations were more/less or equally as full and complete as the examinations upon which the 30 percent was based, and by not assessing whether it was reasonably certain that the Veteran's improvement would be maintained under ordinary conditions of life.


CONCLUSION OF LAW

The August 2012 decision that reduced the rating for bilateral calcified pleural plaquing to a noncompensable rating, effective November 1, 2012, was improper and is void ab initio. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 3.105, 3.344 (2012).


REASONS AND BASES FOR FINDING AND CONCLUSION

In this decision, the Board grants restoration of the 30 percent disability rating for the Veteran's service-connected bilateral calcified pleural plaquing, which represents a complete grant of the benefit sought on appeal. Thus, no discussion of VA's duty to notify and assist is necessary. 

In a March 2012 rating decision, the RO proposed to reduce the disability rating for the Veteran's service-connected bilateral calcified pleural plaquing to a noncompensable rating after the Veteran underwent a February 2012 VA examination. VA notice of the proposed reduction was issued to the Veteran in March 2012. In an August 2012 rating decision, the RO reduced the disability rating assigned to the Veteran's bilateral calcified pleural plaquing from 30 percent to a noncompensable rating, effective November 1, 2012.

The Veteran contends that his service-connected bilateral calcified pleural plaquing did not improve to warrant the reduction in rating.

Generally, a veteran's disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. 38 U.S.C.A. §§ 1155; see also Greyzck v. West, 12 Vet. App. 288, 292 (1999) (providing, inter alia, that a disability rating may not be reduced based on only one medical examination unless the evidence of records warrants the conclusion that sustained improvement has been demonstrated). 

Procedurally, where a reduction in an evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance must be prepared setting forth all material facts and reasons. 38 C.F.R. § 3.105(e). In addition, the RO must notify the Veteran that he has 60 days to present additional evidence showing that compensation should be continued at the present level. The Veteran must also be informed that he may request a predetermination hearing, provided that the request is received by VA within 30 days from the date of the notice. If no additional evidence is received within the 60-day period and no hearing is requested, final rating action will be taken and the award will be reduced or discontinued effective the last day of the month in which a 60-day period from the date of notice to the Veteran expires. 38 C.F.R. § 3.105(e). 

VA's General Counsel has held that the provisions of 38 C.F.R. § 3.105(e) do not apply where there is no reduction in the amount of compensation payable. See VAOPGCPREC 71-91 (Nov. 1991); see also VAOPGCPREC 29-97 (Aug. 1997). It reasoned that this regulation is only applicable where there is both a reduction in evaluation and a reduction or discontinuance of compensation payable. 

In the present case, the August 2012 rating reduction caused the Veteran's combined disability rating to be reduced from 30 percent to a noncompensable rating, which, in turn, reduced the Veteran's monthly rate of compensation. See RO's August 2012 letter to Veteran regarding reduction in evaluation and compensation. The provisions of 38 C.F.R. § 3.105(e) are, therefore, applicable in this case. 

As for compliance with 38 C.F.R. § 3.105(e), the reduction was effective November 1, 2012, more than 60 days after issuance of the notice of the proposed rating reduction in March 2012. Thus, the provisions of 38 C.F.R. § 3.105(e) were met.

With regard to the propriety of the rating reduction, VA regulations provide that with respect to ratings that have continued for long periods at the same level (5 years or more), it is necessary to ascertain, based upon a review of the entire recorded history of the condition, whether the evidence reflects an actual change in disability and whether examination reports reflecting change are based upon thorough examinations. 38 C.F.R. § 3.344(a). In addition, it must be determined that an improvement in a disability has actually occurred and that such improvement actually reflects an improvement in the veteran's ability to function under the ordinary conditions of life and work. Id. These provisions also prohibit a reduction on the basis of a single examination. Id. 

A finding of "sustained material improvement" must be supported with a comparison of the previous and current physical or mental condition. Moreover, although material improvement in the physical or mental condition may be clearly reflected, the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life. Hohol v. Derwinski, 2 Vet. Ap. 169, 172 (1992).

The 30 percent rating assigned to the Veteran's service-connected bilateral calcified pleural plaquing was granted effective July 20, 2004. Consequently, the Veteran's 30 percent disability rating falls under the special provisions as it was in effect for greater than five years prior to the proposed reduction. See Brown v. Brown, 5 Vet. App. 413, 418 (1995) (providing, inter alia, that if a reduction actually takes effect after a rating has been in effect for five years, then it is a reduction of a rating which has continued for five years or more and is hence subject to the requirements of 38 C.F.R. § 3.344(a)).

The provisions of 38 C.F.R. § 3.344(a) set forth that before a stabilized rating can be reduced, the entire record of examinations and the medical-industrial history must be reviewed to ascertain whether the examinations upon which the reduction is based are full and complete; and that examinations less full and complete than those on which payments were authorized or continued cannot be used as a basis of reduction. Further, ratings on account of diseases subject to temporary and episodic improvement will not be reduced on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated. Id. Additionally, although material improvement in the physical or mental condition is clearly reflected, the evidence must make it reasonably certain that the improvement will be maintained under the ordinary conditions of life. Id. After considering all the evidence, the Board finds that the four requirements set forth above have not been met, specifically with regard to the first and fourth requirements. 

With respect to the first requirement, in the March 2012 rating decision wherein the reduction was proposed, the RO listed and reviewed all of the relevant evidence of record dated in and after 2004, including VA examinations dated in October 2004, September 2008, November 2009, July 2010, and February 2012. The RO proposed the reduction subsequent to the February 2012 VA examination. In the March 2012 proposed reduction rating decision, the RO determined that multiple pulmonary function tests, including, most recently, those obtained during the February 2012 VA examination, showed that the Veteran did not meet the requirements for a 30 percent rating. The RO compared the results from the February 2012 VA examination to the results of previous pulmonary function tests to ascertain whether there was sustained improvement of the Veteran's symptoms. The RO ultimately determined that the Veteran's symptoms demonstrated sustained improvement. Despite the determination of sustained improvement, the RO did not make a specific determination as to whether the examinations supporting the reduction were full and complete, and did not make an assessment as to whether the examinations supporting the reduction were more/less than or equally as full and complete as the examinations upon which the 30 percent rating was based. As such, the Board finds that RO did satisfy the first requirement under 38 C.F.R. § 3.344(a).

With respect to the fourth requirement, the RO's decision to reduce was not in accordance with law because it did not make a finding that it was reasonably certain that the sustained improvement of the Veteran's condition would be maintained under the ordinary conditions of life. The Board observed that the March 2012 proposed reduction rating decision and the August 2012 final reduction rating decision reflected no suggestion of any consideration of 38 C.F.R. § 3.344(a) whatsoever, beyond acknowledging that the Veteran's attorney submitted argument pursuant to that regulation. Significantly, 38 C.F.R. § 3.344(a) was not cited or applied in the March 2012 rating decision, the August 2012 rating decision, the October 2012 statement of the case, or the June 2013 supplemental statement of the case. Indeed, in both the August 2012 rating decision and the October 2012 statement of the case, the RO confused the analysis required under 38 C.F.R. 
§ 3.344(a) with the analysis applicable to protected rating decision under 38 C.F.R. § 3.951(b) (2012). Consequently, the Board finds that the fourth requirement under 38 C.F.R. § 3.344(a) was not satisfied.

For the reasons discussed above, the Board finds that the August 2012 rating decision that reduced the rating for the Veteran's bilateral calcified pleural plaquing to a noncompensable rating, effective November 1, 2012, is void ab initio because the provisions of 38 C.F.R. § 3.344 were not met. Schafrath v. Derwinski, 1 Vet. App. 589, 594-96 (1991) (where a rating decision was made without observance of law in a rating reduction case, the erroneous reduction must be vacated and the prior rating restored). As the August 2012 reduction of the disability rating is void ab initio, no further discussion is warranted as to whether the reduction was proper based on the evidence of record.


ORDER

The 30 percent rating for bilateral calcified pleural plaques is restored, effective the date of the reduction, and the appeal is granted.


REMAND

In October 2010, the Board remanded the issue of entitlement to TDIU for development and adjudication. The Veteran was provided a general medical VA examination and a VA respiratory examination in February 2012. At the conclusion of the general medical VA examination, the examiner opined as follows:

There are no [service-connected] or [nonservice-connected] disabilities that make the [Veteran] [unemployable] for sedentary or manual employment.

At the conclusion of the VA respiratory examination, the examiner indicated that the Veteran's service-connected bilateral calcified pleural plaquing did not impair his ability to work.

Neither of the February 2012 VA examinations included an underlying rationale for the conclusions reached and, thus, both are inadequate for purposes of adjudicating the Veteran's claim of entitlement to TDIU. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (holding that, in order for a VA examination to be considered adequate, the articulated reasoning must demonstrate that a medical expert has applied valid medical analysis to the significant facts of the particular case in order to reach the conclusion submitted in the medical opinion). As such, the Board finds that a remand is required in order to obtain a supplemental opinion from the February 2012 VA examiner. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (holding that once VA undertakes the effort to provide an examination, it must provide an adequate one or, at a minimum, notify the veteran why one will not or cannot be provided).

Accordingly, the case is REMANDED for the following action:

(This appeal has been advanced on the Board's docket. 38 C.F.R. § 20.900(c) (2012). Expedited handling is requested.)

1. The RO should obtain a supplemental opinion from the February 2012 VA examiner. The RO should make available to the examiner the Veteran's claims file and a copy of this remand. After a review of the entire evidence of record, the examiner must provide an opinion as to whether the Veteran is unable to obtain and retain employment consistent with his education and occupational experience due to his service-connected disability, irrespective of age and any nonservice-connected disorders. 

At present, service-connection has been granted for bilateral calcified pleural plaquing, and a 30 percent rating has been assigned thereto.

A complete rationale for any opinion must be provided. If the examiner cannot provide the requested opinion, it must be so stated, and the examiner must provide the reasons why an opinion could not be provided. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the examiner must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

2. Once the above action has been completed, the RO must re-adjudicate the Veteran's claim on appeal, taking into consideration any newly acquired evidence. If any benefit remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



______________________________________________
L. M. BARNARD
Acting Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs