Lawrence M. **GREYZCK**, Appellant,

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–2204.

United States Court of Appeals for Veterans Claims.

March 31, 1999.

Barbara J. Cook was on the brief for appellant.

Leigh A. Bradley, General Counsel; Ron Garvin, Assistant General Counsel; Carolyn F. Washington, Deputy Assistant General Counsel; and Gregory W. Fortsch were on the brief for appellee.

Before FARLEY, HOLDAWAY, and IVERS, Judges.

HOLDAWAY, Judge:

The appellant, Lawrence M. Greyzck, appeals a November 1997 decision of the Board of Veterans' Appeals (BVA or Board) which determined (1) that clear and unmistakable error did not exist in an August 1961 VA regional office (VARO) decision to reduce the appellant's disability rating for a psychoneurotic disorder from 30% to 10%, and (2) that his claim for service connection for a low back disorder was not well grounded. Both parties have filed briefs. The appellant seeks reversal of both of the Board's determinations. The Secretary concedes that the claim for service connection of the back disorder was well grounded, but seeks an affirmance of the Board's finding that the VARO had not committed clear and unmistakable error. The Court has jurisdiction of the matter under 38 U.S.C. § 7252(a). For the following reasons, the Court will affirm the decision of the Board in part, reverse the decision in part, and remand a matter for readjudication.

## I. FACTS

The appellant is a combat veteran who served in the U.S. Army from April 1943 to December 1945. He was also held as a prisoner of war by the German army from February 1944 to April 1945. In October 1946, the appellant was awarded service connection for a psychoneurotic disorder that had been aggravated during service and direct service connection for residuals of frozen feet as a prisoner of war. The psychoneurotic condition was initially rated 20% disabling and the foot disorder was rated 10% disabling. In December 1948, the appellant was examined by three private physicians who all confirmed that the appellant suffered from a mild to moderate psychoneurosis with complaints of gastrointestinal and foot pain. None of the doctors found any organic basis for the appellant's gastrointestinal or foot pain. In March 1949, the disability rating

for the appellant's psychoneurosis was increased to 30% to include the foot pain. The disability rating for residuals of frozen feet was reduced to noncompensable.

In July 1961, the appellant underwent a VA psychiatric examination. The appellant reported that he had been working at General Electric for more than ten years and had lost no time at work for emotional or other medical reasons. The examiner diagnosed the appellant with a psychoneurotic disorder that was primarily related to an anxiety reaction. The examiner stated:

This man is sane and competent. He now has only [a] slight[,] if any, degree of either vocational or social inadaptability. He continues to have intermittent difficulty with [gastrointestinal] symptoms and is concerned about his [gastrointestinal] tract. However, his emotional status has improved considerably since that described in 1948. [The p]rognosis is good for a continued adjustment at this level and hospitalization is not indicated or anticipated.

The examiner also noted that the veteran had not had a very serious attack of his symptoms for more than a year. In August 1961, the VARO decreased the appellant's disability rating for his psychoneurosis to 10%. The decreased rating was effective in October 1961, sixty days after the VARO's decision. The appellant did not appeal the VARO decision to reduce his disability rating.

In 1979, an x-ray study of the appellant's lumbosacral spine revealed mild degenerative arthritis. An x-ray examination taken pursuant to a 1980 VA examination confirmed that the appellant was suffering from minimal degenerative arthritis of the lumbar spine.

In August 1993, the appellant alleged that the August 1961 VARO decision was clearly and unmistakably erroneous because the reduction was based on a single examination, which is contrary to the requirements of 38 C.F.R. § 3.344 (1998). The appellant also alleged that he was entitled to presumptive service connection for post-traumatic osteoarthritis in his back relating to the beatings he suffered as a prisoner of war. In February 1995, the VARO denied both the claim for clear and unmistakable error and

for service connection of his back condition. The appellant filed a Notice of Disagreement and additional evidence demonstrating that he suffered from a degenerative back disease.

In June 1995, the VARO received a letter from James V. Garemore, Jr., D.C., who stated that the appellant had been under his care since 1993. He also stated that the appellant's "problem [was] a[d]egenerative [a]rthritic condition by nature ( [d]egenerative [j]oint [d]isease) and ha[d] been accelerated due to the traumatic stress from his duty in the United States Army." At a September 1995 VA hearing, the appellant testified that he had injured his back while working as a prisoner of war.

On appeal to the BVA, the Board determined that the August 1961 VARO decision to reduce the appellant's disability rating for his psychoneurosis was not clearly and unmistakably erroneous. The Board noted that the VARO's decision was based on the extent to which the appellant's symptomatology would impair his adaptability to his social and industrial environment. The Board stated that the 1961 VA examination report indicated that the veteran's degree of industrial and social inadaptability were slight, if any. The Board stated that a reduction of a disability rating based on only one examination is appropriate "in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been indicated." See 38 C.F.R. § 3.344(a) (1998). The Board concluded that the evidence of record at the time of the rating reduction supported the VARO's decision to reduce the disability rating based on only one medical examination.

The Board also determined that the appellant had not submitted nexus evidence between his back injury he suffered as a prisoner of war and his current degenerative disc disease. The Board found that in order to be entitled to the presumption of service connection, there must be a diagnosis of post-traumatic osteoarthritis. The Board also determined that the statement by Dr. Garemore was not competent medical evidence of a nexus between the veteran's current back

disability and service because the doctor did not link the back condition to a specific trauma or incident in service.

## II. ANALYSIS

### A. Back Disorder

 "[A] person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." 38 U.S.C. § 5107(a). A well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [§ 5107(a)]." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). Where a veteran was held as a prisoner of war for at least thirty days, service connection is presumed if the veteran manifests certain chronic diseases to a degree of 10% at any time after service. *See* 38 U.S.C. § 1112(b); 38 C.F.R. § 3.309(c). Post-traumatic osteoarthritis is included among the diseases entitled to presumptive service connection. *See id.* A claim for service connection of a disease entitled to the presumption of service connection for prisoners of war is well grounded if the claimant (1) was a prisoner of war for at least thirty days and (2) he or she presents a current diagnosis that the disease is 10% disabling. *See Goss v. Brown*, 9 Vet.App. 109, 113 (1996). A BVA decision on whether a claim is well grounded is a question of law which this Court reviews de novo. *See Caluza v. Brown*, 7 Vet.App. 498, 505 (1995), *aff'd. per curiam*, 78 F.3d 604 (Fed. Cir.1996) (table). The credibility of the evidence is presumed when determining whether a claim is well grounded. *See Robinette v. Brown*, 8 Vet.App. 69, 75–76 (1995); *King v. Brown*, 5 Vet.App. 19, 21 (1993).

 The Secretary concedes that the appellant's claim for service connection of his back disorder is well grounded. The Secretary correctly points out that the term *osteoarthritis* is a synonym of the terms *degenerative arthritis* and *degenerative joint disease*. *See* STEDMAN'S MEDICAL DICTIONARY 149, 1267 (26th ed.1995). Therefore, post-traumatic degenerative joint disease or degenerative arthritis suffered by a veteran who was held as a prisoner of war for more than thirty days is subject to presumptive service connection. *See* 38 C.F.R. § 3.309(c) (1998). In this matter, the appellant was a prisoner of war for fourteen months and indicated that he had injured his back during that time. Additionally, the medical evidence demonstrates that he suffers from degenerative arthritis in his lumbar spine. Dr. Garemore indicated that the appellant's back condition was accelerated by traumatic stress while in service. Therefore, the Court holds that the appellant's claim for service connection for his lower back disorder is well grounded. *See Goss* and *Caluza*, both *supra.*

### B. Clear and Unmistakable Error

 A final VARO decision to reduce a disability rating will be accepted as correct unless the claimant demonstrates that the determination was the result of clear and unmistakable error. *See* 38 C.F.R. § 3.105(a) (1998). Clear and unmistakable error must be undebatable, i.e., "reasonable minds could only conclude that the original decision was fatally flawed at the time it was made." *Russell v. Principi*, 3 Vet.App. 310, 313–14 (1992) (en banc). Mere disagreement with how the facts were weighed by the VARO does not amount to clear and unmistakable error. *See id.* at 313. Instead, the claimant must demonstrate that either the correct facts were not present before the adjudicator or the law, as it existed at the time, was not properly applied. *See id.* Furthermore, the claimant must raise the error with specificity and demonstrate that the outcome of the decision would have been manifestly different if the error had not been committed. *See Fugo v. Brown*, 6 Vet.App. 40, 43–44 (1993). This Court's review of a BVA decision regarding whether a final VARO decision contained clear and unmistakable error is limited to determining if the Board's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A); *Fugo* and *Russell*, both *supra.*

The regulatory requirements for reducing a disability rating that has continued at the same level for five years or more are more stringent than the general requirements for periodically increasing or decreasing a disability rating. *See* 38 C.F.R. § 3.344(a)-(c); *Schafrath v. Derwinski*, 1 Vet. App. 589, 594 (1991). By regulation, the VARO must apply the following provisions when reducing a disability rating:

(1) the [VARO] must review "the entire record of examinations and the medical-industrial history ... to ascertain whether the recent examination is full and complete"; (2) "[e]xaminations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction": (3) "[r]atings on account of disease subject to temporary and episodic improvement ..., *will not be reduced on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated*"; and (4) "[a]lthough material improvement in the physical or mental condition is clearly reflected, the rating agency will [consider] whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life". [Sic.]

*Brown v. Brown*, 5 Vet.App. 413, 419 (1993) (quoting 38 C.F.R. § 3.344(a)). (The regulatory language in section 3.344(a) has not changed since its adoption in February 1961.) The Court has consistently held that where a VARO reduces a veteran's disability rating without following the applicable VA regulations, the reduction is void ab initio. *See Kitchens v. Brown*, 7 Vet.App. 320, 325 (1995); *Murincsak v. Derwinski*, 2 Vet.App. 363, 369 (1992); *Schafrath*, 1 Vet.App. at 596 (1991).

The appellant alleges that the August 1961 decision by the VARO to reduce his disability rating was clearly and unmistakably erroneous because the VARO failed to comply with the requirements of section 3.344, and that the Board's decision to the contrary was arbitrary and capricious. In 1961, the appellant had been rated 30% disabled for a psychoneurotic reaction disorder

for more than twelve years. Therefore, the appellant's disability rating at that time should not have been reduced unless the requirements under section 3.344(a) were complied with. The appellant argues that because his psychiatric condition is a disability subject to temporary improvement under section 3.344(a), the VARO erred by reducing his disability rating based on only one examination. However, as the BVA noted, a disability rating may be reduced based on only one medical examination "in those instances where all the evidence of record warrants the conclusion that sustained improvement has been demonstrated." In this matter, the doctor's medical conclusion that the appellant had only slight, if any, vocational or social impairment was supported by the evidence reported by the veteran himself. The veteran indicated (1) that he had worked for ten years at General Electric without missing any time off for emotional or other reasons, (2) that he had not suffered a serious nervous attack for more than a year, (3) that his stomach bothered him only occasionally, and (4) that he had good relationships with his family and friends. Furthermore, the doctor noted that the appellant's emotional status had "improved considerably" in comparison to the results of his 1948 examination. Based on the Court's review of the record on appeal, evidence that the condition had not undergone sustained improvement did not exist in the veteran's claims file in 1961. Therefore, the Board's determination, that "the [VARO's] conclusion that the veteran had experienced significant improvement in social and industrial adaptability, based upon the results of the single July 1961 examination, was not ... erroneous," was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." For that reason, the Court will affirm that part of the Board's decision.

## III. CONCLUSION

Upon consideration of the parties' arguments and a review of the record of evidence, the Court AFFIRMS that part of the Board's decision that found the 1961 VARO decision was not the result of clear and unmistakable error. The Court REVERSES that part of the Board's decision that found

the appellant's claim for service connection of a low back disorder was not well grounded, and REMANDS that matter for further proceedings.