Citation Nr: 1743997 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 16-46 848 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUE

Whether a reduction from 100 to 0 percent for residuals of lung cancer was proper, to include entitlement to a compensable disability rating. 


ATTORNEY FOR THE BOARD

K. Neilson, Counsel



INTRODUCTION

The Veteran served on active duty from January 1954 to November 1957 and from December 1957 to April 1976. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2014 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington, that reduced the disability evaluation for the Veteran's service-connected lung cancer residuals, characterized as restrictive lung disease, from 100 to 10 percent, effective January 1, 2015. After additional examination, the RO issued a rating decision in August 2016 wherein it reinstated the Veteran's 100 percent rating, effective January 1, 2015, and then reduced that rating to 0 percent, effective October 1, 2015.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

In its August 2016 rating decision ultimately reducing the disability rating for lung cancer residuals, effective October 1, 2015, the RO failed to comply with due process requirements by not issuing a rating action proposing a reduction in the Veteran's compensation for lung cancer residuals after having restored the 100 percent rating; the assigned rating was also not based on VA examination conducted six months after discontinuance of treatment.


CONCLUSION OF LAW

The August 2016 rating decision reducing the Veteran's rating for service-connected lung cancer residuals from 100 percent to 0 percent without compliance with applicable regulatory requirements renders the reduction void ab initio. 38 U.S.C.A. §§ 1155, 5112 (West 2014); 38 C.F.R. §§ 3.105(e), 4.30 (2016).
REASONS AND BASES FOR FINDING AND CONCLUSION

By way of a March 2013 rating decision, the Veteran was awarded service connection for lung cancer, evaluated as 100 percent disabling, effective from January 29, 2013. In its decision, the RO noted that a 100 percent disability rating was assigned based on active malignancy and that six months following the completion of treatment, a VA examination would be conducted to determine the level of residual disability. 

In August 2013, the Veteran underwent a VA respiratory examination for the purpose of determining the current status of his lung cancer, to include current treatment, activity, and attribution of current symptoms to the Veteran's lung cancer or treatment therefore. The report of that examination showed that the Veteran's lung cancer of the right lobe was treated with Cyberknife radiation therapy, which treatment was completed in January 213. Based on the results of pulmonary function testing completed during that examination, the RO proposed to reduce the Veteran's disability rating to 0 percent in a September 2013 rating action. 

The Veteran argued that his lung cancer was still active and another examination was conducted in September 2014. In a rating action dated in October 2014, the RO reduced the disability evaluation for the Veteran's service-connected lung cancer residuals, characterized as restrictive lung disease, from 100 to 10 percent, effective January 1, 2015. The Veteran disagreed with that reduction.

Then, in February 2015, the Veteran claimed service connection for left lobe lung cancer. Treatment records from Madigan Army Medical Center confirmed recurrence of malignancy and indicated that the Veteran had a Cyberknife procedure in March 2015 to remove the cancer of the left lobe. The Veteran then underwent another VA examination in April 2015. 

Based on evidence showing the recurrence of lung cancer within 10 days after the effective date of the reduction of the Veteran's rating from 100 to 10 percent, the RO reinstated that the Veteran's 100 percent disability rating, effective January 1, 2015, which action took place via an August 2016 rating decision. In that same decision, the RO reduced the 100 percent rating to 0 percent, effective October 1, 2015, six months after cessation of treatment for the recurrence of lung cancer.

The question at issue in the instant case is whether the RO erred in reducing the Veteran's initially assigned 100 percent evaluation. At the outset, the Board notes that the rating was assigned pursuant to 38 C.F.R. § 4.97, Diagnostic Code (DC) 6819, which pertains to malignant neoplasms of any specified part of the respiratory system, exclusive of skin growths, and provides for only a 100 percent rating. A note following the DC states: "A rating of 100 percent shall continue beyond the cessation of any surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure. Six months after discontinuance of such treatment, the appropriate disability rating shall be determined by mandatory VA examination." 38 C.F.R. § 4.97, DC 6819, Note (2016). The disability is to be rated on residuals, if there has been no local recurrence or metastasis. The Note further provides that any change in evaluation based upon that mandatory examination or any subsequent examination shall be subject to the provisions of 38 C.F.R. § 3.105(e). Id.

Where a reduction in an evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance must be prepared setting forth all material facts and reasons. In addition, the RO must notify the Veteran that he has 60 days to present additional evidence showing that compensation should be continued at the present level. 38 C.F.R. § 3.105(e) (2016). 

In the instant case, although the RO satisfied these procedural requirements prior to issuance of the October 2014 rating decision that initially reduced the Veteran's rating from 100 to 10 percent, the 100 percent rating was thereafter reinstated via the August 2016 rating decision. The rating was then also reduced to 0 percent in that same rating decision, effective October 1, 2015. Given the intervening reinstatement of the 100 percent rating, the Board concludes that prior to reducing that rating, the RO was required to again issue a rating proposing the reduction or discontinuance of the 100 percent rating, setting forth all material facts and reasons. In other words, it was error for the RO to reinstate the 100 percent rating and reduce that rating to 0 percent in the same action. 

Furthermore, the diagnostic criteria applicable to evaluating the severity of malignant neoplasms of the respiratory system upon completion of treatment therefore provides that "[s]ix months after discontinuance of such treatment, the appropriate disability rating shall be determined by mandatory VA examination." 38 C.F.R. § 4.97, DC 6819, Note. In the instant case, the Veteran's left lobe lung cancer was surgically treated in March 2015. A VA examination was then conducted in April 2015. However, no VA examination was conducted six months after the March 2015 procedure. Such examination six months later is not optional, but mandatory. Accordingly, the RO also did not comply with regulatory requirements when it assigned a noncompensable rating based on the report of examination conducted a month after treatment for the Veteran recurrence of lung cancer was completed. 

The United States Court of Appeals for Veterans Claims has consistently held that when VA reduces a veteran's disability rating without following the applicable regulations, the reduction is void ab initio. See Greyzck v. West, 12 Vet. App. 288 (1999). Further, where a rating reduction was made without observance of law, the erroneous reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589 (1991).


ORDER

The August 2016 rating decision reducing the Veteran's rating for service-connected residuals of lung cancer from 100 percent to 0 percent was improper, and the original rating is restored.


____________________________________________
Cheryl L. Mason
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs