﻿Citation Nr: AXXXXXXXX
Decision Date: 12/03/18 Archive Date: 12/03/18

DOCKET NO. 180921-782
DATE: December 3, 2018
ORDER
Restoration of the 50 percent rating for pes planus effective November 1, 2016, is granted, subject to the law and regulations governing payment of monetary benefits.
FINDING OF FACT
The preponderance of the evidence fails to establish that the RO’s decision to reduce the Veteran’s rating for pes planus complied with the applicable regulations.
CONCLUSION OF LAW
The August 2016 rating decision that reduced the rating for pes planus from 50 to 10 percent was improper and restoration of the 50 percent disability rating from November 1, 2016, is warranted. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.105, 3.344, 4.71a, Diagnostic Code 5276.
REASONS AND BASES FOR FINDING AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
The Veteran served on active duty in the United States Army from November 1977 to April 1978 and from June 1978 to June 1981.
The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the RO.
In his September 2018 RAMP opt-in election form, the Veteran argued that there was a clear and unmistakable error in a prior decision, described some of his current symptoms, and stated that he was “unable to work due to [service-connected] feet, ankles, and knees . . . .” 
Since the Veteran’s September 2018 statement about clear and unmistakable error is argument the Board can consider it, even though it was submitted after the Veteran submitted his May 2018 RAMP opt-in election form. The Board cannot consider the Veteran’s September 2018 statements about current symptoms because this is evidence that was submitted during a period of time when new evidence was not allowed. However, since the Board’s decision constitutes a full grant of benefits sought, the Veteran will not be prejudiced and does not need to file a supplemental claim with respect to this appeal. 
The Board will not recognize an implied TDIU claim under Rice as part of the Veteran’s September 2018 statement. Such a claim is not within the Board’s jurisdiction because the September 2018 statement was submitted after the Veteran submitted his May 2018 RAMP opt-in election form. The Veteran will not be prejudiced by this decision because in September 2017 the Veteran submitted a formal claim for TDIU. That claim was denied in a March 2018 decision. A notice of disagreement (NOD) has not been filed and the deadline to file an NOD has not yet passed. 
Reduced Rating
The Veteran claims error in an August 2016 rating decision that reduced the compensation for service-connected pes planus from 50 percent to 10 percent, effective November 1, 2016. 
Because this reduction resulted in a net decrease in compensation, the requirements of 38 C.F.R. § 3.105 apply. A rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. 38 C.F.R. § 3.105(e). The beneficiary must be notified at the last address of record of the action contemplated and furnished detailed reasons for the proposed decision. Id. Sixty days must be given for the presentation of new evidence to show that compensation should be continued at the present level. Id. 
The law provides that where a rating reduction was made without observance of law, although a remand for compliance with that law would normally be an adequate remedy, in a rating reduction case the erroneous reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).
A veteran’s disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. 38 U.S.C. § 1155. When a veteran’s disability rating is reduced by the RO without following the applicable regulations, the reduction is void ab initio. See Greyzck v. West, 12 Vet. App. 288, 292 (1999).
Prior to reducing a veteran’s disability rating, VA is required to comply with several general VA regulations applicable to all rating-reduction cases, regardless of the rating level or the length of time that the rating has been in effect. See 38 C.F.R. §§ 4.1, 4.2, 4.10. These provisions impose a clear requirement that VA rating reductions be based upon review of the entire history of the veteran’s disability. Schafrath, 1 Vet. App. at 594. Such review requires VA to ascertain, based upon review of the entire recorded history of the condition, whether the evidence reflects an actual change in the disability and whether the examination reports reflecting such change are based upon thorough examinations. Thus, in any rating-reduction case not only must it be determined that an improvement in a disability has actually occurred but also that the improvement actually reflects an improvement in the veteran’s ability to function under the ordinary conditions of his life and work. See Faust v. West, 13 Vet. App. 342, 350 (2000).
In certain rating reduction cases, VA benefits recipients are to be afforded greater protections, as set forth in 38 C.F.R. § 3.344. These provisions are only applicable for ratings which have continued for long periods at the same level (five years or more). 38 C.F.R. § 3.344(c). In this case, the Veteran’s 50 percent disability rating for pes planus was in effect from March 4, 2013, which is less than five years. As a result, the protections under 38 C.F.R. §§ 3.344(a) and (b) do not apply.
The burden is on VA to justify a reduction in a rating. See Brown v. Brown, 5 Vet. App. 413 (1993) (requiring that the Board establish, by a preponderance of the evidence and in compliance with 38 C.F.R. § 3.344, that a rating reduction is warranted).
1. Whether the reduction in disability rating from 50 percent to 10 percent from November 1, 2016, for pes planus is proper.
The August 2016 rating decision does not comply with the relevant statutes. It contains no indication or mention that there has been an improvement in the ability to function under the ordinary conditions of life and work. A review of the entire disability history was not conducted, in that there is no discussion or mention of the evidence of record prior to the July 2016 VA foot examination. 
Because the August 2016 rating decision is not based on the entire history of the Veteran’s disability and does not address improvement in the ability to function under the ordinary conditions of life and work, the applicable regulations have not been followed. Restoration of the Veteran’s 50 percent rating for pes planus is therefore warranted, effective from November 1, 2016. Schafrath, 1 Vet. App. at 595.
 
Michael J. Skaltsounis
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD B. Cannon, Associate Counsel