﻿Citation Nr: AXXXXXXXX
Decision Date: 02/25/19 Archive Date: 02/25/19

DOCKET NO. 180911-723
DATE: February 25, 2019

ORDER

Entitlement to restoration of a 70 percent disability evaluation for posttraumatic stress disorder (PTSD) is granted.

FINDING OF FACT

The RO’s decision to reduce the Veteran’s evaluation for service-connected PTSD from 70 to 50 percent as of September 1, 2015 was not supported by the evidence contained in the record at the time of the reduction.

CONCLUSION OF LAW

The reduction of the disability evaluation for the Veteran’s service-connected PTSD from 70 percent to 50 percent was not proper, and the 70 percent disability evaluation is restored from September 1, 2015. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.105, 3.344, 4.130, Diagnostic Code 9411 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from July 1979 to July 1982, November 2002 to November 2003, and May 2007 to July 2008. He also had active duty in the United States Navy from June 1985 to June 1990.

This case comes before the Board of Veterans’ Appeals (the Board) on appeal from a June 2015 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. 

The June 2015 rating decision, in pertinent part, reduced the Veteran’s disability rating for PTSD from 70 percent disabling to 50 percent disabling, effective September 1, 2015.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 

Entitlement to restoration of a 70 percent disability evaluation for posttraumatic stress disorder (PTSD)

Duties to Notify and Assist

This appeal arises the from the Veteran's contention that the RO improperly reduced the disability rating for his service-connected PTSD from 70 percent to 50 percent disabling. For the reasons discussed below, the Board finds that the rating reduction was improper and that restoration of the 70 percent disability rating for PTSD is warranted. Consequently, a discussion of whether VA complied with its duties to notify and assist the Veteran and the procedural requirements set forth in 38 C.F.R. § 3.105(e) is unnecessary.

Reduction

In certain rating reduction cases, VA benefits recipients are to be afforded greater protections, set forth in 38 C.F.R. § 3.344(a), (b). Those sections provide that rating agencies will handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability evaluations consistent with the laws and VA regulations governing disability compensation and pension. However, the provisions of 38 C.F.R. § 3.344(c) specify that those considerations are required for ratings which have continued for long periods at the same level (five years or more), and that they do not apply to disabilities which have not become stabilized and are likely to improve. Reexaminations disclosing improvement, physical or mental, in these disabilities will warrant a reduction in rating. 

When a veteran’s disability rating is reduced by a RO without following the applicable regulation, the reduction is void ab initio. See Greyzk v. West, 12 Vet. App. 288, 292 (1999). Thus, to remedy such cases, the decision must be reversed as unlawful. Dofflemyer v. Derwinski, 2 Vet. App. 277 (1992).

In this case, the Veteran was assigned a 70 percent disability rating for PTSD in an August 2010 rating decision, effective from May 27, 2010. Therefore, when his rating was reduced effective September 1, 2015, it had been in effect for more than five years, and the provisions of 38 C.F.R. § 3.344 apply. See Brown v. Brown, 5 Vet. App. 413, 418 (1993) (noting that the duration of a rating must be measured from the effective date assigned that rating until the effective date of the actual reduction). 

Under 38 C.F.R. § 3.344(a), (b) the RO must find the following: (1) based on a review of the entire record, the examination forming the basis for the reduction is full and complete, and at least as full and complete as the examination upon which the rating was originally based; (2) the record clearly reflects a finding of material improvement; and (3) it is reasonably certain that the material improvement found will be maintained under the ordinary conditions of life. Kitchens v. Brown, 7 Vet. App. 320 (1995); Brown, supra. 

In general, when there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102. However, the Court has specified a different burden of proof with respect to ratings reductions claims. Because the issue in this case is whether the RO was justified in reducing the Veteran’s 70 percent rating, rather than whether the Veteran was entitled to “reinstatement” of the 70 percent rating, the Board is required to establish, by a preponderance of evidence and in compliance with 38 C.F.R. § 3.344(a), that a rating reduction was warranted. See Brown, 5 Vet. App. at 420; see also Kitchens 7 Vet. App. at 325.

Disability ratings are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. Where there is a reasonable doubt as to the degree of disability, such doubt shall be resolved in favor of the claimant, and where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. 38 C.F.R. §§ 3.102, 4.3, 4.7. In addition, the Board will consider the potential application of the various other provisions of 38 C.F.R., Parts 3 and 4, whether or not they were raised by the veteran, as well as the entire history of the veteran’s disorder in reaching its decision, as required by Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

The reduction is void as the provisions of 38 C.F.R. § 3.344 were not met. A review of the June 2015 rating decision does not reveal any consideration of 38 C.F.R. § 3.344. The decision to reduce was not in accordance with the law as the RO did not make a finding that the VA compensation examination used as a basis for the reduction was as full and complete as the examination on which the 70 percent rating was established. In addition, the June 2015 decision did not contain any findings or discussion of whether there was a material improvement, and there were no findings that it was reasonably certain that the material improvement found would be maintained under the ordinary conditions of life. Therefore, the RO erred in its June 2015 rating action by reducing the evaluation for PTSD to 50 percent disabling effective September 1, 2015.

The law provides that, where a rating reduction was made without observance of the law, although a remand for compliance with the law would normally be an adequate remedy, in a rating reduction case the erroneous reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Hallie E. Brokowsky, Counsel