﻿Citation Nr: AXXXXXXXX
Decision Date: 05/21/19 Archive Date: 05/21/19

DOCKET NO. 181008-541
DATE: May 21, 2019

ORDER

The rating reduction for lumbar spine degenerative changes with myofascial pain syndrome, from 20 percent to 10 percent, effective January 23, 2017, was not proper; restoration of the 20 percent rating is granted.

FINDINGS OF FACT

1. In a March 2017 decision, the Agency of Original Jurisdiction (AOJ) reduced the rating for the Veteran’s service-connected lumbar spine degenerative changes with myofascial pain syndrome from 20 to 10 percent disabling as of January 23, 2017. The 20 percent rating had been in effect for more than 5 years. 

2. The AOJ’s decision to reduce the Veteran’s service-connected lumbar spine degenerative changes with myofascial pain syndrome, from 20 percent to 10 percent, effective January 23, 2017, was not proper as the AOJ failed to consider whether the evidence demonstrated material improvement reasonably certain to continue under the ordinary conditions of life.

CONCLUSION OF LAW

The reduction in the rating assigned for lumbar spine degenerative changes with myofascial pain syndrome, from 20 percent to 10 percent, effective January 23, 2017, was not proper; restoration of the 20 percent rating is warranted. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.105, 3.344 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from July 1977 to February 1979, and in the United States Navy from August 1979 to October 1996. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law created a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. 

The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. In so doing, the Veteran withdrew an appeal under the “Legacy” system framework on the issues of the propriety of a rating reduction for lumbar spine disability as well as an issue of entitlement to a total disability rating based upon individual unemployability (TDIU). 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, an August 218 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. This decision denied the rating restoration claim, but granted TDIU effective to the date of receipt of claim – April 27, 2017. Thus, the TDIU benefit was a complete grant of that benefit. The Veteran timely appealed the RAMP rating decision to the Board which denied the rating restoration and requested direct review of the evidence considered by the AOJ.

1. The rating reduction for lumbar spine degenerative changes with myofascial pain syndrome, from 20 percent to 10 percent, effective January 23, 2017, was not proper; restoration of the 20 percent rating is warranted

A Veteran’s disability rating may not be reduced unless an improvement in the disability is shown to have occurred. 38 U.S.C. § 1155. When a reduction is effectuated without following the applicable regulations, the reduction is void ab initio. See Greyzck v. West, 12 Vet. App. 288, 292 (1999). 

In a March 2017 rating decision, the Veteran’s disability was reduced from 20 to 10 percent. 

A veteran’s disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. See 38 U.S.C. § 1155. Prior to reducing a veteran’s disability rating, VA is required to comply with several general VA regulations applicable to all rating-reduction cases, regardless of the rating level or the length of time that the rating has been in effect. See 38 C.F.R. §§ 4.1, 4.2, 4.10, 4.13 (2017); see also Brown v. Brown, 5 Vet. App. 413, 420 (1993). Such review requires in any rating reduction case VA to determine (1) based upon review of the entire recorded history of the condition, whether the evidence reflects an actual change in the disability; (2) whether the examination reports reflecting such change are based upon thorough examinations; and (3) whether any improvement actually reflects an improvement in the Veteran’s ability to function under the ordinary conditions of life and work. See Murphy v. Shinseki, 26 Vet. App. 510, 517 (2014) (citing Brown, 5 Vet. App. at 421). 

It is essential, both in the examination and in the evaluation of the disability, that each disability be viewed in relation to its history. C.F.R. § 4.1. If an examination report does not contain sufficient detail, or the diagnosis is not supported by the findings on the examination report, it must be returned as inadequate for rating purposes. 38 C.F.R. § 4.2. When any change in evaluation is to be made, the rating agency should assure itself that there has been an actual change in the conditions, for better or worse, and not merely a difference in thoroughness of the examinations or in use of descriptive terms. 38 C.F.R. § 4.13. Finally, it must be considered that the basis of disability evaluations is the ability of the body as a whole, or of the psyche, or of a system or organ of the body, to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. 

As to the propriety of the reduction, for reductions in rating to be properly accomplished, specific requirements must be met. See 38 C.F.R. § 3.344; see also Dofflemyer v. Derwinski, 2 Vet. App. 277 (1992). The requirements for reduction of ratings in effect for five years or more are set forth at 38 C.F.R. § 3.344(a) and (b). 

The Board is required to establish, by a preponderance of the evidence, that a rating reduction on appeal is warranted. See Kitchens v. Brown, 7 Vet. App. 320, 325 (1995). 

Upon review of the evidence, the Board finds that the reduction in the rating from 20 percent to 10 percent for the Veteran’s service-connected lumbar spine degenerative changes with myofascial pain syndrome was not proper, and restoration of the 20 percent rating is therefore warranted. To that end, the Board recognizes that, in implementing the proposed rating reduction, the AOJ weighed the evidence of record, and found that the records noted improvement in the service-connected lumbar spine degenerative changes with myofascial pain syndrome. However, review of the March 2017 and August 2018 rating decisions reflect that the AOJ failed to make a specific determination that there was an actual improvement in the Veteran’s ability to function under the ordinary conditions of work and life. See 38 C.F.R. §§ 4.10, 4.13. The AOJ’s failure to make such a determination in this case renders the reduction improper.

The law provides that where a rating reduction was made without observance of law, although a remand for compliance with that law would normally be an adequate remedy, in a reduction case the erroneous reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991). In fact, the Court has consistently held that when VA reduces a Veteran’s disability rating without following the applicable regulations, the reduction is void ab initio and will be set aside. Greyzck v. West, 12 Vet. App. 288, 292 (1999); Hayes v. Brown, 9 Vet. App. 67, 73 (1996); Kitchens v. Brown, 7 Vet. App. 320, 324 (1995). 

Here, the AOJ failed to consider whether any improvement actually reflects an improvement in the Veteran’s ability to function under the ordinary conditions of life and work. See Kitchens, 7 Vet. App. at 324 (1995); Brown, 5 Vet. App. at 420-421 1993). Such an omission is error and not in accordance with the law. Greyzck, 12 Vet. App. at 292; Hayes, 9 Vet. App. at 73; Kitchens, 7 Vet. App. at 324. Accordingly, the 20 percent rating assigned for lumbar spine degenerative changes with myofascial pain syndrome is restored.

 

T. MAINELLI

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD N. Rasool

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.