﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190615-10322
DATE: July 30, 2019

ORDER

Entitlement to restoration of a 20 percent disability evaluation for partial tear, lateral collateral ligament, right ankle, residual sprain is granted.

FINDING OF FACT

The regional office’s (RO) decision to reduce the Veteran’s evaluation for service-connected partial tear, lateral collateral ligament, right ankle, residual sprain from 20 percent to 10 percent as of May 21, 2019, was not supported by the evidence contained in the record at the time of the reduction.

CONCLUSION OF LAW

The decision to reduce the evaluation for service-connected for partial tear, lateral collateral ligament, right ankle, residual sprain from 20 percent to 10 percent, effective from May 21, 2019 was not proper. 38 U.S.C. §§ 1155, 5103, 5107; 38 C.F.R. §§ 3.105, 3.344, 4.59, 4.71a, Diagnostic Code 5271.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from August 1963 to August 1966. 

The Board notes that the May 2019 rating decision on appeal was issued after February 19, 2019, so was subject to the Appeals Modernization Act (2019) (herein after “AMA”). 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2 (d)). The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Entitlement to restoration of a 20 percent disability evaluation for partial tear, lateral collateral ligament, right ankle, residual sprain

Where a reduction in a service-connected disability rating is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, the RO must issue a rating proposing the reduction and setting forth all material facts and reasons. 38 C.F.R. § 3.105 (e). A period of 60 days is allowed for response. Id. Furthermore, the effective date of the reduction will be the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires. 38 C.F.R. § 3.105 (e), (i).

In certain rating reduction cases, VA benefits recipients are to be afforded greater protections, set forth in 38 C.F.R. § 3.344 (a), (b). Those sections provide that rating agencies will handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability evaluations consistent with the laws and VA regulations governing disability compensation and pension. However, the provisions of 38 C.F.R. § 3.344 (c) specify that those considerations are required for ratings which have continued for long periods at the same level (five years or more), and that they do not apply to disabilities which have not become stabilized and are likely to improve. Reexaminations disclosing improvement, physical or mental, in these disabilities will warrant a reduction in rating. 

When a veteran’s disability rating is reduced by a RO without following the applicable regulation, the reduction is void ab initio. See Greyzk v. West, 12 Vet. App. 288, 292 (1999). Thus, to remedy such cases, the decision must be reversed as unlawful. Dofflemyer v. Derwinski, 2 Vet. App. 277 (1992).

In this case, the Veteran was assigned a 20 percent disability rating for partial tear, lateral collateral ligament, right ankle, residual sprain in a June 2005 rating decision, effective from August 10, 2000. Therefore, when his rating was reduced effective May 21, 2019, it had been in effect for more than five years, and the provisions of 38 C.F.R. § 3.344 apply. See Brown v. Brown, 5 Vet. App. 413, 418 (1993) (noting that the duration of a rating must be measured from the effective date assigned that rating until the effective date of the actual reduction). The rating reduction was not preceded by a proposal to reduce the rating. See 3.105(e). However, the reduction did not result in a decrease in the combined disability rating. Therefore, a reduction proposal was not required.

Under 38 C.F.R. § 3.344 (a), (b) the RO must find the following: (1) based on a review of the entire record, the examination forming the basis for the reduction is full and complete, and at least as full and complete as the examination upon which the rating was originally based; (2) the record clearly reflects a finding of material improvement; and (3) it is reasonably certain that the material improvement found will be maintained under the ordinary conditions of life. Kitchens v. Brown, 7 Vet. App. 320 (1995); Brown, supra. 

In general, when there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102. However, the Court has specified a different burden of proof with respect to ratings reductions claims. Because the issue in this case is whether the RO was justified in reducing the Veteran’s 20 percent rating, rather than whether the Veteran was entitled to “reinstatement” of the 20 percent rating, the Board is required to establish, by a preponderance of evidence and in compliance with 38 C.F.R. § 3.344 (a), that a rating reduction was warranted. See Brown, 5 Vet. App. at 420; see also Kitchens 7 Vet. App. at 325.

Disability ratings are determined by the application of a schedule of ratings which is based on average impairment of earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. Where there is a reasonable doubt as to the degree of disability, such doubt shall be resolved in favor of the claimant, and where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. 38 C.F.R. §§ 3.102, 4.3, 4.7. In addition, the Board will consider the potential application of the various other provisions of 38 C.F.R., Parts 3 and 4, whether or not they were raised by the veteran, as well as the entire history of the veteran’s disorder in reaching its decision, as required by Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

The reduction is void as the provisions of 38 C.F.R. § 3.344 were not met. A review of the May 2019 rating decision does not reveal any consideration of 38 C.F.R. § 3.344. The decision to reduce was not in accordance with the law as the RO did not make a finding that the VA compensation examination used as a basis for the reduction was as full and complete as the examination on which the 20 percent rating was established. 

In addition, the Regional Office did not set forth an adequate discussion of the sustained improvement in the Veteran’s ability to function under the ordinary conditions of life and work. While the decision mentioned improvement, there was no discussion of the Veteran’s ability to function under the ordinary conditions of life and work. Specifically, the decision did not make any comparison of the functional impairment reflected in the April 2001, April 2011 and January 2018 examinations with the functional impairment detailed in the May 2019 examination, nor did the decision discuss the continued complaints of the Veteran as to his chronic right ankle pain and how that pain hindered his ability to work and carry out functions of daily living. Accordingly, the Board finds that the actions to reduce the partial tear, lateral collateral ligament, right ankle, residual sprain from 20 percent to 10 percent are void, and the 20 percent rating is restored as though the reduction had not occurred. See 38 C.F.R. § 3.344; see also Greyzck v. West, 12 Vet. App. 288, 292 (1999).

The law provides that, where a rating reduction was made without observance of the law, although a remand for compliance with the law would normally be an adequate remedy, in a rating reduction case the erroneous reduction must be vacated, and the prior rating restored. Schafrath v. Derwinski, 1 Vet. App. 589, 595 (1991).

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD C. Sherman Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.