﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190225-3378
DATE: September 30, 2019

ORDER

The reduction of the disability rating for an adjustment disorder with mixed anxiety and depressed mood (herein “psychiatric disorder”) from 100 percent to 30 percent, effective August 1, 2018, was not proper; the 100 percent rating is restored, subject to the laws and regulations governing the payment of monetary benefits.

FINDING OF FACT

The Veteran’s 100 percent disability rating for a psychiatric disorder was reduced without observation of the provisions of 38 C.F.R. § 3.344.

CONCLUSION OF LAW

The reduction of the disability rating for a psychiatric disorder from 100 percent to 30 percent, effective August 1, 2018, was not proper; it is therefore void, and a restoration of a 100 percent rating from August 1, 2018 is warranted, subject to the laws and regulations governing the payment of monetary benefits. 38 U.S.C. §§ 1155, 5107, 5112; 38 C.F.R. §§ 3.102, 3.105, 3.344, 4.1, 4.2, 4.3, 4.10, Diagnostic Code 9400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1997 to September 2002.

This case comes before the Board of Veterans’ Appeals (Board) on appeal of a May 2018 rating decision by the Department of Affairs (VA) Regional Office (RO). 

In a February 2013 rating decision, the RO increased the evaluation for adjustment disorder with mixed anxiety and depressed mood from 30 percent to 70 percent. In a November 2013 rating decision, the Veteran’s disability rating was increased from 70 percent to 100 percent, effective June 12, 2013. An October 2015 rating decision continued this disability rating. An April 2017 rating decision proposed to reduce the Veteran’s disability level from 100 percent to 30 percent. The Veteran was notified of the proposed reduction in April 2017 and notified of his right to elect a pre-determination hearing in May 2017. In May 2018, the Veteran was notified of the final rating reduction to a 30 percent rating effective August 1, 2018, to which he filed a Notice of Disagreement in May 2018. At the time of the reduction, the 100 percent evaluation had been in effect for just over five years.

In May 2018, the Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. The Board notes that the Veteran’s AMA opt-in was not initially noted in his claims file. In December 2018, the Veteran filed another AMA opt-in form. In December 2018 correspondence from VA, the Veteran was notified that his AMA opt-in form was received effective May 2018. The Veteran timely appealed the subsequent December 2018 AMA rating decision to the Board in April 2019 and requested direct review of the evidence considered by the Agency of Original Jurisdiction. 

The Veteran contends that the reduction of the disability rating for a psychiatric disorder from 100 percent to 30 percent, effective August 1, 2018, was not proper and seeks to have the 100 percent rating restored.

A veteran's disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. 38 C.F.R. § 3.344. The United States Court of Appeals for Veterans Claims has consistently held that when a disability rating is reduced without following the applicable regulations, the reduction is void ab initio. See Greyzck v. West, 12 Vet. App. 288, 292 (1999).

Pursuant to 38 C.F.R. § 3.105(e), where a reduction in the rating of a service-connected disability is considered warranted, and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. 

Prior to reducing a Veteran's disability rating, VA is required to comply with several regulations applicable to all rating-reduction cases, regardless of the rating level or the length of time that the rating has been in effect. See 38 C.F.R. §§ 4.1, 4.2, 4.10, 4.13; see also Brown v. Brown, 5 Vet. App. 413, 420 (1993). These provisions impose a clear requirement that VA rating reductions be based upon review of the entire history of a Veteran's disability. See Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Such review requires VA to ascertain, based upon review of the entire recorded history of the condition, whether the evidence reflects an actual change in the disability and whether the examination reports reflecting such change are based upon thorough examinations. Thus, in any rating reduction case, not only must it be determined that an improvement in a disability has actually occurred, but also that that improvement actually reflects an improvement in the Veteran's ability to function under the ordinary conditions of life and work. See Faust v. West, 13 Vet. App. 342, 350 (2000).

Disability ratings in effect for 5 years or more may not be reduced on the basis of only one examination in cases where the disability is the result of a disease subject to periodic or episodic improvement. 38 C.F.R. § 3.344(a) and (b). VA must find the following before reducing a rating: (1) based on a review of the entire record, the examination forming the basis for the reduction is full and complete, and at least as full and complete as the examination upon which the rating was originally based; (2) the record clearly reflects a finding of material improvement; and, (3) it is reasonably certain that the material improvement found will be maintained under the ordinary conditions of life. See Kitchens v. Brown, 7 Vet. App. 320 (1995). The Board notes that the rating at issue was in effect for the necessary five years and, thus, 38 C.F.R. § 3.344(a) and (b) are for application.

Upon careful review of the evidence of record, the Board finds that the reduction in this case was not proper. The first and foremost protection of 38 C.F.R. § 3.344 (a) and (b) is that any reduction in rating for an evaluation in effect for greater than five years will be based on a "full and complete" examination. 

The Veteran’s 100 percent rating was originally based on an October 2013 VA mental disorders examination completed by an in-person examination and claims file review. The examiner’s report included detailed lay statements from the Veteran and included responses to each question posed to the examiner on the questionnaire. The examiner determined the Veteran had total social and occupational impairment. This finding was due to his depressed mood, disturbances of motivation and mood, difficulty in establishing and maintaining effective work and social relationships, inability to establish and maintain effective relationships, and intermittent inability to perform activities of daily living, including maintenance of minimal personal hygiene. 

The Veteran underwent a VA mental disorders examination in April 2017 that was not full and complete as required by 38 C.F.R. § 3.344. The examiner failed to respond to many of the questions included in the Disability and Benefits Questionnaire. The examiner completed an interview with the Veteran and a review of the Veteran’s claims file. The examiner opined that the Veteran's current symptoms meet the diagnostic criteria for adjustment disorder with mixed anxiety and depressed mood and that the symptoms are, as likely as not, a progression of his service-connected condition. The examiner stated that the symptoms of the adjustment disorder are mild. Based on this examination, the RO proposed to reduce the Veteran’s evaluation from 100 percent to 30 percent. 

In May 2017, the Veteran submitted a lay statement and Notice of Disagreement to the April 2017 rating decision proposing the reduction. The Veteran stated that he has a hard time showering and brushing his teeth and that he wears the same stained and torn clothes for days. The Veteran also stated that he thinks of suicide when he is overwhelmed, sleeps to escape his worries and concerns, and has impaired memory of names, places, and his children’s birthdays. He asserted that he has problems establishing and maintaining social and intimate relationships due to picking fights with family members and his reckless pursuit of women while being in a relationship, evidenced by two divorces. Additionally, the Veteran stated that activities that he previously enjoyed, such as yard work, playing the guitar, and sightseeing are not enjoyable anymore, and that he gets an upset stomach several times per week that worsens when he is in crowds or traffic. 

Further, the Veteran was provided a VA mental disorders examination in June 2018, where the Veteran’s symptoms more closely approximated a disability rating of at least 70 percent. At his June 2018 VA examination, the Veteran stated that he suffered from difficulty performing job tasks satisfactorily at his most recent job with the U.S. Postal Service and that he had trouble getting along with coworkers and supervisors. In fact, the examiner reported that the Veteran’s symptoms appear to be pervasive and severe and are likely to impair occupational and social functioning to a significant degree. The Veteran is currently unemployed.

Accordingly, the Board finds that the rating reduction was not proper in this case, as the RO based the rating reduction on an incomplete medical examination, which was not full and complete and did not accurately depict the Veteran’s current disability level. See 38 C.F.R. § 3.344(a) and (b). The RO relied heavily on the Veteran’s April 2017 VA examination which was not as full and complete as the October 2013 VA examination which the 100 percent rating was originally based. The June 2018 VA examination, moreover, indicates substantially more severe symptoms than the 30 percent evaluation reflects. Further, the RO did not seem to appropriately consider the Veteran’s lay statements in the May 2017 correspondence. As such, the reduction cannot be sustained, and the 100 percent rating for the Veteran's psychiatric disorder must be restored, effective August 1, 2018. This is a full grant of the benefit sought. 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Alexis B. Markeson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.