﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200427-80311
DATE: March 31, 2021

ORDER

The reduction in the rating assigned for the Veteran’s sinusitis from a 50 percent rating to a noncompensable rating effective June 1, 2020, was not proper; the Veteran’s 50 percent rating for sinusitis is restored.

FINDINGS OF FACT

1. A March 2020 rating decision reduced the disability rating assigned for the Veteran’s service-connected sinusitis from a 50 percent rating to a noncompensable rating effective June 1, 2020.

2. At the time of the March 2020 rating decision, the medical evidence did not reflect an improvement in the Veteran’s sinusitis under the ordinary conditions of his life.

CONCLUSION OF LAW

The reduction of the Veteran’s 50 percent rating for sinusitis was not proper. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.105, 3.951(b), 4.97, Diagnostic Code 6512.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran had active service from March 1984 to February 1987 and from November 1990 to June 1991.

In May 2019 the Veteran filed an increased rating claim for his sinusitis. A December 2019 proposed to decrease the Veteran’s assigned 50 percent rating to a noncompensable rating effective June 1, 2020, which was effectuated by a March 2020 rating decision. On March 19, 2020, the Veteran submitted a supplemental claim regarding the reduction. A later March 2020 rating decision confirmed the reduction. The Veteran timely appealed this rating decision to the Board and requested direct review by a Veterans Law Judge on April 27, 2020. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Reductions

The Veteran asserts that the reduction of his sinusitis from a 50 percent rating to a noncompensable rating was improper. He reported that he experienced severe headaches, constant sinus pressure, nasal congestion, facial pain, tooth pain, and postnasal drainage. He reported that he was prescribed daily medications that only provided temporary relief.

A veteran’s disability rating shall not be reduced unless an improvement in the disability is shown to have occurred. See 38 U.S.C. § 1155; Greyzck v. West, 12 Vet. App. 288, 292 (1999).

As a preliminary matter, the Board notes that the Veteran does not contend, and the evidence does not reflect, noncompliance with the procedural requirements for rating reductions. See 38 C.F.R. § 3.105(e). Therefore, the Board will focus only upon the propriety of the reduction.

The criteria governing certain rating reductions for certain service-connected disabilities is found in 38 C.F.R. § 3.344. The provisions of 3.344(a) and (b) apply to ratings that have been continued for five years or more. The 50 percent rating for sinusitis had been in effect for a period of more than five years. Thus, the provisions of 38 C.F.R. § 3.344(a) are applicable, which apply to evaluations in effect for five years or more.

38 C.F.R. § 3.344(a), states that a reduction will not be “based on any one examination, except in those instances where all the evidence of record clearly warrants the conclusion that sustained improvement has been demonstrated.” Here, although the first March 2020 rating decision was based on the Veteran’s April 2018 and November 2019 VA examination reports, the reasons explained below, that these examinations cannot be the basis of the reduction.

In Brown v. Brown, 5 Vet. App. 413 (1993), the Court stated that there are general VA regulations that apply to all rating reductions regardless of whether the rating has been in effect for five years or more. Id. at 420-421.

Specifically, 38 C.F.R. § 4.1 requires that each disability be viewed in relation to its history. 38 C.F.R. § 4.2 establishes that it is the reasonability of the rating specialist to interpret reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability present. Furthermore, 38 C.F.R. § 4.13 provides that the rating agency should assure itself that there has been an actual change in the condition, for better or worse, and not merely a difference in the thoroughness of the examination or in use of descriptive terms. Additionally, in any rating reduction case, not only must it be determined that an improvement in a disability has actually occurred, but that such improvement reflects improvement in ability to function under ordinary conditions of life and work. Brown, 5 Vet. App. at 420-21. A claim as to whether a rating reduction was proper must be resolved in the veteran’s favor unless the Board concludes that a preponderance of evidence weighs against the claim. Brown, 5 Vet. App. at 421.

The Veteran’s sinusitis was evaluated under 38 C.F.R. § 4.97, Diagnostic Code 6512. A 50 percent rating is warranted following radical surgery with chronic osteomyelitis or near constant sinusitis characterized by headaches, pain, and tenderness and purulent discharge or crusting after repeated surgeries.

In April 2018 and November 2019, the Veteran was afforded VA examinations. The Veteran reported that he had sinus headaches, stopped up nose, swelling, and sinus drain. He reported that he was prescribed medications. 

A December 2019 rating decision proposed to reduce the Veteran’s sinusitis from a 50 percent to a noncompensable rating effective June 1, 2020.

In January 2020, the Veteran’s physician reported that he had been treating the Veteran for fifteen years. His physician reported that the Veteran’s sinus symptoms had progressively increased over the years. His physician reported that he prescribed medications, but despite treatment, the Veteran’s symptoms were recurring.

A March 2020 rating decision effectuated by the proposed reduction effective June 1, 2020.

(Continued on the next page)

 

The Board finds that the reduction was improper. While the findings of the VA examiners show that the Veteran’s sinus symptoms had improved, the Veteran’s physician reported that the Veteran’s symptoms had increased over the years. In addition, the Veteran’s physician reported that despite treatment, the Veteran’s symptoms were recurring. As such, the medical evidence does not establish that the Veteran’s sinusitis had actual improvement.

Accordingly, the reduction in the disability ratings for the sinusitis was improper, and the 50 percent rating is restored effective June 1, 2020.

 

 

Timothy Berryman

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Abels, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.