﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190328-6969
DATE: July 31, 2020

ORDER

Service connection for posttraumatic stress disorder (PTSD) is granted.

Restoration of a 100 percent rating for prostate cancer, from May 1, 2018, is granted, subject to controlling regulations governing the payment of monetary awards.

Entitlement to special monthly compensation (SMC) pursuant to 38 U.S.C. § 1114(s), from July 29, 2019, is granted, subject to controlling regulations governing the payment of monetary awards.

FINDINGS OF FACT

1. The Veteran’s PTSD is causally related to his active service.

2. At the time the 100 percent rating for prostate cancer was reduced, the evidence showed possible localized recurrence and the reduction was not made in compliance with applicable due process laws and regulations and in this void ab initio.

3. Since July 29, 2019, the Veteran now has a service-connected disability rated as total and additional service-connected disability ratable at 60 percent or more.

CONCLUSIONS OF LAW

1. The criteria for service connection for PTSD are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304.

2. The reduction of the disability rating for prostate cancer from 100 percent to noncompensable was improper. 38 U.S.C. §§ 1155, 5107(b); 38 C.F.R. §§ 3.105, 3.343(a), 4.115b, Diagnostic Code (DC) 7528.

3. Since July 29, 2019, the criteria for SMC pursuant to 38 U.S.C. § 1114(s) are met. 38 U.S.C. § 1114(s).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1965 to September 1991. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from a March 2017 rating decision issued by a regional office of the Department of Veterans Affairs (VA).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). This decision has been written consistent with the new AMA framework.

The Veteran opted into RAMP in December 2018 and selected the Higher-Level Review lane. In March 2019, the agency of original jurisdiction (AOJ) completed its Higher-Level Review based on the evidence of record and issued an unfavorable decision. The Veteran timely appealed this decision to the Board by requesting the AMA Hearing Lane. Accordingly, the Board will consider the evidence of record as of the date VA received the RAMP election form, as well as evidence received at the hearing or within the 90-day period following the hearing.

In January 2020, the Veteran had a hearing before the undersigned Veterans Law Judge. Later that month, the Veteran was advised that a complete transcript of the hearing was not available due to the technical failure of the recording equipment and was given the opportunity to schedule another hearing. The Board notes this letter was sent in error, and that a complete transcript of the Veteran’s January 2020 hearing has been associated with the claims file. Accordingly, because there was a hearing during this stage of the appellate proceedings, and there is a complete record of the hearing, there is no need to schedule an additional hearing at this time. 38 U.S.C. § 7107(b); Cook v Snyder, 28 Vet. App. 330 (2017).

1. Service connection for PTSD

The Veteran contends that he has a diagnosis of PTSD due to stressors he experienced during his active service. Specifically, due to his best-friend being killed from a rocket attack on Da Nang Air Base after they had switched shifts.

Service connection for PTSD requires (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f).

Those criteria are met here. A July 2019 disability benefits questionnaire (DBQ) demonstrates that the Veteran has a current diagnosis of PTSD that conforms to the DSM-5 criteria. See id. §§ 3.304(f), 4.125(a). The examiner attributed the Veteran’s PTSD to the Veteran’s reported stressor involving the rocket attack on Da Nang Air Base that killed the Veteran’s best-friend after they had switched shifts. The Veteran underwent VA examination in October 2016. The VA examiner noted the Veteran’s stressor met the criteria for PTSD. Further, the claimed stressor is consistent with the places, types, and circumstances of the Veteran’s service. The Veteran has submitted evidence that Da Nang Airforce Base experienced attacks during his service at the base. The July 2019 examiner also found the Veteran’s stressor met the criteria for a diagnosis of PTSD. Therefore, the Veteran’s lay testimony alone is enough to establish the occurrence of the claimed in-service stressor. Accordingly, entitlement to service connection for PTSD is granted. See id. § 3.304.

2. Rating reduction of prostate cancer 

Where a reduction in evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor. Additionally, the beneficiary must be given notice that he has (1) 60 days to present additional evidence to show that compensation payments should be continued at the present level, and (2) 30 days to request a predetermination hearing. 38 C.F.R. § 3.105(e), (i).

If a timely request for a predetermination hearing is received, VA will notify the beneficiary in writing of the time and place of the hearing at least 10 days in advance of the scheduled hearing date. The hearing will be conducted by VA personnel who did not participate in the proposed adverse action and who will bear the decision-making responsibility. Also, if a predetermination hearing is timely requested, benefit payments shall be continued at the previously established level pending a final determination concerning the proposed action. See 38 C.F.R. § 3.105(i)(1).

If a predetermination hearing is conducted, the final action will be based on evidence and testimony adduced at the hearing as well as the other evidence of record, including any additional evidence obtained following the hearing pursuant to necessary development. If a reduction is then found warranted, the effective date of such reduction shall be the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final action expires. 38 C.F.R. § 3.105.

A schedular 100 percent rating will not be reduced without examination showing material improvement. 38 C.F.R. § 3.343(a).

The circumstances under which a disability rating may be reduced are specifically limited and carefully circumscribed by regulations promulgated by VA. See Dofflemeyer v. Derwinski, 2 Vet. App. 277, 280 (1992).

Where VA has reduced a veteran's rating without observing applicable laws and regulations, such a rating is void ab initio and the Court will set it aside as not in accordance with the law. Kitchens v. Brown, 7 Vet. App. 320, 325 (1995).

Where a rating reduction was made without observance of law, the reduction must be vacated and the prior rating restored. Schafrath v. Derwinski, supra at 595.

The Veteran's prostate cancer is rated under 38 C.F.R. § 4.115b, DC 7528 as malignant neoplasms of the genitourinary system. Under DC 7528, following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of 6 months. Any change in evaluation based upon that or any subsequent examination, shall be subject to the provisions of 38 C.F.R. § 3.105(e). If there has been no local reoccurrence or metastasis, rate on residuals as voiding dysfunction or renal dysfunction, whichever is predominant. 38 C.F.R. § 4.115b, DC 7528.

The provisions of DC 7528 require an examination, not a reduction, six months after the assignment of total benefits. If the claimant remains totally disabled, the 100 percent rating will continue without interruption. A total rating will extend indefinitely after treatment is discontinued, with a required VA examination six months thereafter. If the results of this or any subsequent examination warrant a reduction in rating, the reduction will be implemented under the provisions of 38 C.F.R. § 3.105(e). There can be no reduction at the end of six months since any proposed reduction would be based on the examination and the notification process can begin only after the examination is reviewed. This method also has the advantage of offering a veteran more contemporary notice of any proposed action and, under the provisions of 38 C.F.R. § 3.105(e), expanding the opportunity to present evidence showing that the proposed action should not be taken. 59 Fed. Reg. 2525-6 (Jan. 18, 1994).

The Board finds, for the following reasons, that the reduction in the disability rating for prostate cancer from 100 percent to noncompensable was not proper and that, therefore, the 100 percent rating must be restored.

The rating reduction for the Veteran's prostate was taken in the same March 2019 decision that assigned the initial 100 percent rating, and the reduction was effective from May 1, 2018.

It is unclear why the March 2019 decision reduced the rating to noncompensable from May 1, 2018. The Veteran was not provided a VA examination prior to his reduction and following his surgery in November 2016. As noted above, if the results of a subsequent examination warrant a reduction in rating, the reduction will be implemented under the provisions of 38 C.F.R. § 3.105(e). There can be no reduction at the end of six months since any proposed reduction would be based on the examination and the notification process can begin only after the examination is reviewed.

In this case, the procedural requirements of 38 C.F.R. § 3.105(e) and (i) were not followed. The AOJ did not first propose the reduction, give the Veteran 60 days to submit additional evidence and request a predetermination hearing, and only after that time, if no additional evidence or a request for hearing was received, take the final action to reduce, effective the last day of the month in which a 60-day period from the date of notice to the Veteran expired. Rather, the reduction in rating was taken without a mandatory VA examination at the expiration of six month following the cessation of surgery or other therapeutic procedure, and in the same March 2019 decision that assigned the initial 100 percent rating.

When VA reduces a Veteran's disability rating without following the applicable regulations, the reduction is void ab initio, "from the beginning." Greyzck v. West, 12 Vet. App. 288, 292 (1999). Here the procedural requirements under 38 C.F.R. § 3.105(e) were not met, and the Veteran was not afforded due process before his combined disability rating, and concomitant monthly benefits, was reduced from 100 percent to 40 percent. Because the procedural requirements were not met, the Board finds that the reduction in rating is void ab initio and the 100 percent rating must be restored.

Further, the Veteran’s most recent VA examination in February 2020 indicates his prostate cancer is still active. Given the evidence of possible recurrence of active prostate cancer at the time of the rating reduction and the fact that the AOJ did not seek any clarification as to the status of the Veteran's prostate cancer prior to the reduction, the Board finds that the evidence did not show there had been no local reoccurrence or metastasis at the time of the reduction. Hence, the reduction in the disability rating for prostate cancer from 100 percent to noncompensable was not in accordance with applicable laws and regulations. The reduction was void ab initio, and the 100 percent disability rating is restored, from May 1, 2018.

3. SMC

Pursuant to 38 U.S.C. § 1114(s), when a veteran has a service-connected disability rated as total and has additional service-connected disability independently ratable at 60 percent or more, he is entitled to SMC. 38 U.S.C. § 1114(s)(1). The United States Court of Appeals for Veterans Claims has held that VA has a "well-established" duty to maximize a claimant's benefits. See Buie v. Shinseki, 24 Vet. App. 242, 250 (2011); AB v. Brown, 6 Vet. App. 35 (1993); see also Bradley v. Peake, 22 Vet. App. 280 (2008). This duty to maximize benefits requires VA to assess all of a claimant's disabilities to determine whether any combination of disabilities establishes entitlement to SMC under 38 U.S.C. § 1114. See Bradley, 22 Vet. App. at 280 (finding that SMC "benefits are to be accorded when a Veteran becomes eligible without need for a separate claim").

In the decision above, the Board has restored the 100 percent rating for prostate cancer, from May 1, 2018. From May 1, 2018, to July 29, 2019, the Veteran’s combined disability rating aside from his prostate cancer rating was 40 percent. However, since July 29, 2019, the Veteran was service connected for renal dysfunction associated with type II diabetes mellitus with erectile dysfunction rated as 60 percent disabling. As the Veteran now has a service-connected disability rated as total and additional service-connected disability ratable at 60 percent or more during the entire period since July 29, 2019, he meets the statutory criteria for SMC pursuant to 38 U.S.C. § 1114(s) during this period. Accordingly, entitlement to SMC is granted from July 29, 2019.

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kelly A. Gastoukian

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.