﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190910-57585
DATE: October 30, 2020

ORDER

The rating reduction from 30 percent to 20 percent for bilateral hearing loss, effective April 1, 2018, was improper and the 30 percent disability rating is restored.

REMANDED

Entitlement to an increased disability rating for bilateral hearing loss is remanded.

FINDING OF FACT

At the time of the January 2018 rating decision, improvement in the Veteran’s bilateral hearing loss under the ordinary conditions of life had not been demonstrated. 

CONCLUSION OF LAW

The rating reduction for bilateral hearing loss from 30 percent to 20 percent, effective April 1, 2018, was not proper. 38 U.S.C. §§ 1155, 5107, 5109A, 5112; 38 C.F.R. § 3.105, 4.71a, Diagnostic Code 6100. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Navy from April 1968 to January 1970. By way of procedural background, a Department of Veterans Affairs (VA) Regional Office (RO) issued a January 2018 rating decision that reduced the Veteran’s 30 percent disability rating for bilateral hearing loss to 20 percent, effective April 1, 2018. That decision was issued in the legacy system. 

In August 2019, the RO issued a statement of the case (SOC). Thereafter, the Veteran opted the claim into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a September 2019 VA Form 10182, Decision Review Request: Board Appeal, identifying the September 2019 SOC. 

In the September 2019 VA Form 10182, the Veteran elected the Hearing docket. In September 2020 the Veteran testified before the undersigned at a hearing via videoconference. The decision is being rendered prior to the production of a transcript of that hearing as part of the Board’s “One Touch” program; given the favorable outcome, however, the Veteran is not prejudiced. 

The governing legal authorities provide that the Board may only consider the evidence of record at the time of the August 2019 SOC, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a). Here, the Board observes that evidence was added to the claims file by the Veteran during a period when new evidence was not allowed (i.e., after the SOC was issued but prior to his hearing). However, because the Board is remanding the claims for an increased rating for bilateral hearing loss for further development, this additional evidence will be considered by the RO in the adjudication of that claim.

Additionally, the Board notes that the 90-day period to submit has not yet elapsed. However, as the Board is granting his claim with respect to the propriety of the rating reduction in full and remanding his claim for an increased rating for bilateral hearing loss, there is no prejudice to the Veteran by not waiting for the full 90-day period to expire. 

This matter has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.800(c). 

The rating reduction from 30 percent to 20 percent for bilateral hearing loss was improper and the 30 percent disability rating is restored.

By way of background, the Veteran filed a claim for an increased disability rating for bilateral hearing loss in May 2016. In June 2016, he underwent a VA examination in connection with his increased rating claim. Following this VA examination, the RO proposed to reduce the Veteran’s disability evaluation for hearing loss from 30 percent to 20 percent in an August 2016 rating decision. 

When reduction is considered warranted by the evidence and would result in reduction or discontinuance of compensation payments currently being made, certain procedural guidelines must be followed: first, there must be a rating action proposing the reduction; then the Veteran must be given 60 days to submit additional evidence and to request a predetermination hearing. 38 C.F.R. § 3.105(e). 

Here, the Veteran was informed of the proposal to reduce his benefits in an August 2016 rating decision and informed of the reason for the proposed reduction. In a separate August 2016 letter, he was provided with instructions on how to appeal, and informed that he could request a hearing within 30 days. The Veteran was provided with 60 days to submit additional evidence before the RO issued a rating decision in January 2018 that reduced his benefits. The Veteran did not request a hearing. As such, the procedural safeguards have been satisfied with regards to the reduction. With the proper procedural steps completed, the question then becomes whether the reduction itself was proper. 

A rating reduction is not proper unless a veteran’s disability shows actual improvement in his or her ability to function under the ordinary conditions of life and work. See Faust v. West, 13 Vet. App. 342, 349 (2000). In considering the propriety of a reduction, the Board must focus on the evidence available to the RO at the time the reduction was effectuated, although post-reduction medical evidence may be considered in the context of determining whether actual improvement was demonstrated. Dofflemeyer v. Derwinski, 2 Vet. App. 277, 281-82 (1992). The Veteran need not demonstrate the retention of the higher evaluation is warranted; rather, VA must show by a preponderance of the evidence that the reduction was warranted. See Brown v. Brown, 5 Vet. App. 413, 418 (1993). 

Here, the record shows that the RO reduced the rating at issue predominantly because the June 2016 VA examination showed evidence of decreased hearing impairment in his left and right ears. Specifically, the RO stated that the June 2016 VA examination reflected the following pure tone thresholds, measured in decibels, at these frequencies: 

Ear 1000 Hertz 2000 Hertz 3000 Hertz 4000 Hertz

Right 55 70 70 65

Left 55 65 70 75

Speech recognition scores on the Maryland CNC test were 92 percent in the right ear and 96 percent in the left ear. The RO explained that these criteria indicated improvement in his hearing loss, consistent with a 20 percent disability rating. 

However, the record also indicates that just three months prior to his June 2016 VA examination, the Veteran saw a VA audiologist for an updated hearing evaluation in March 2016. At that time, he reported to a VA audiologist that he had increased difficulty with speech clarity. Clinical records reflect that his pure tone audiometry results showed normal sloping to severe sensorineural hearing loss in the right ear and normal sloping to profound sensorineural hearing loss in the left ear. Although the audiogram results are not currently available in the record, the audiologist stated that his test results indicated stable hearing in the right ear since his last audiogram in July 2014 and a significant threshold shift with decreased word recognition scores in the left ear. The audiologist also noted he would continue to display difficulty communicating in adverse listening situations including situations with noise, speakers at a distance, and reverberations. 

Additionally, only two months before the June 2016 VA examination, the Veteran went to a VA otolaryngology consultation due to the worsening speech recognition on his left side. At the April 2016 appointment, the clinician noted that he reported a two-year history of worsening ability to understanding speech. It appears that the Veteran underwent another audiogram at that time. Although the April 2016 audiogram results are also not currently part of the claims file, the clinician noted in the available treatment records that he had moderate sloping to profound sensorineural hearing loss bilaterally, with speech recognition scores of 90 percent on the right side and 50 percent on the left. 

Furthermore, the Veteran also submitted a photocopy of a September 2016 private audiogram. The Board notes that the quality of the photocopy is poor, and that is thus unclear whether speech recognition scores, such as those derived from the Maryland CNC test, were obtained. However, the audiogram reflected pure tone thresholds, in decibels, at the following frequencies: 

Ear 1000 Hertz 2000 Hertz 3000 Hertz 4000 Hertz

Right 65 75 70 75

Left 55 75 75 75

In sum, the evidence indicates that despite the results of the June 2016 VA examination, the Veteran still suffered from difficulty hearing and communicating in adverse listening situations. Indeed, the record shortly before and after the VA examination reveals worsening and even profound hearing impairment, as opposed to sustained improvement in his hearing acuity. 

Ultimately, even if the June 2016 VA examination showed that the Veteran’s hearing acuity fell within the criteria for a 20 percent rating instead of a 30 percent rating, that fact alone would not have justified the rating reduction. As set forth above, for a reduction to be proper, the evidence must show that the Veteran’s service-connected bilateral hearing loss materially improved overall, resulting in an improvement in his ability to function under the ordinary conditions of life and work. Here, however, the Board finds that the record was not sufficient to support a finding that his disability actually improved, resulting in an improvement in his ability to function under the ordinary conditions of life and work. Indeed, the record documents his consistent complaints of functional loss due to his hearing impairment. Moreover, his audiology treatment records and the available audiogram results that were generated relatively close in time to his June 2016 VA examination do not suggest that his bilateral hearing loss had materially improved. 

As a final matter, the June 2016 VA examination appears to be inadequate, as the VA examiner does not appear to have considered relevant evidence of record, including contemporaneous VA treatment records, describing the Veteran’s functional loss due to his hearing impairment. Instead, the VA examiner stated that his bilateral hearing loss did not cause functional impairment without providing a rationale. Opinions that do not consider all relevant evidence of record or provide an adequate rationale are inadequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120 (2007). When a reduction of disability is based on an inadequate examination, the reduction is void ab initio. See Greyzck v. West, 12 Vet. App. 288, 292 (1999). 

In conclusion, the RO reduced the Veteran’s rating based on information that did not clearly show that any improvement observed at the time of his June 2016 VA examination would result in his ability to function under the ordinary conditions of life and work. The burden is on VA to show that a rating reduction was warranted, and, for reasons set forth above, VA failed to meet this burden. As such, the 30 percent rating must be restored. See Dofflemeyer, 2 Vet. App. at 277 (holding that where VA has reduced a veteran’s disability rating without observing the applicable law and regulations, such a rating is void ab initio and restoration is required). 

REASONS FOR REMAND

Having carefully considered the evidence of record, the Board finds that it is necessary to remand this matter to afford the Veteran a new VA examination for his bilateral hearing loss. 

As set forth above, he was last afforded a VA examination in connection with his claim for an increased disability evaluation for bilateral hearing loss in June 2016. The examination report, however, was inadequate, as explained in greater detail in the previous portion of this decision. If a VA examination report is inadequate or does not contain sufficient detail, the Board is required to return the report in a remand. See Bowling v. Principi, 15 Vet. App. 1, 12 (2001). As such, remand is necessary to cure this pre-decisional duty-to-assist error. 

Moreover, the Board finds that remand is necessary to cure other duty-to-assist errors that occurred prior to the issuance of the August 2019 SOC. More specifically, the Veteran underwent various audiological evaluations at VA facilities prior to the issuance of the August 2019 SOC, but some of the full audiometry data has not yet been associated with the claims file. A remand is required to allow VA to obtain these records.

As set forth above, the Veteran underwent audiological evaluations at the Brooksville Community Based Outpatient Clinic (CBOC) in Brooksville, Florida, and the VA Medical Center (VAMC) in Tampa, Florida, on March 7, 2016, and April 1, 2016, respectively. His treatment provider’s evaluation notes suggest that his hearing had worsened. Although the March 2016 and April 2016 audiologists provided detail notes on his audiological evaluations, however, the formal audiogram test results from the March 2016 and April 2016 audiograms are not present in the claims file. Instead, the treatment records reflect that the full audiometry results are only accessible using a separate audiogram display tool. 

The Board notes that the Veteran also underwent an audiogram on June 4, 2018, at the Brooksville CBOC, although it appears that the Veteran separately submitted the results of this audiogram. (The Board notes that, as it was submitted after the SOC but prior to his hearing, it has not yet considered the substance of the report.) Upon review of the available records, however, there is no evidence that the March 2016 and April 2016 audiograms have been separately submitted into the Veteran’s claims file in a viewable format. Since the requisite test results are unavailable, remand is necessary to obtain and associate the full results from the March 2016 and April 2016 audiograms at the Brooksville CBOC and Tampa VAMC, respectively, with the claims file. 

Accordingly, the matter is REMANDED for the following action:

(This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.800(c). Expedited handling is requested.)

1. Obtain and associate with the claims file any outstanding VA treatment records, specifically the full audiometry results of the March 7, 2016, and April 1, 2016, VA audiograms from the Brookville COBC and the Tampa VAMC that are mentioned in VA treatment records but not present in the file. Please note that existing VA treatment records indicate that the full audiometry results from March 7, 2016, and April 1, 2016, are only viewable using the “AudiogramDisplay option” under the “Tools” menu. Such results are not currently accessible in the claims file and must be separately uploaded and associated with the claims file in a viewable format. 

If any of the above audiometry results cannot be found, VA may end its efforts to obtain these records only if it concludes that the records sought do not exist or that further efforts to obtain those records would be futile. If VA concludes the records cannot be obtained, VA must provide the Veteran with oral or written notice of the fact. 

2. Thereafter, schedule the Veteran for examinations to determine the current nature and severity of his service-connected bilateral hearing loss. All attempts to schedule the examinations must be documented in the record. 

The entire claims file and a copy of this remand must be made available to the examiner(s) for review, and the examiner(s) must specifically acknowledge receipt and review of these materials in any reports generated. 

 

 

M. Tenner

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Rademacher, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.