﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200610-90481
DATE: April 30, 2021

ORDER

A reduction in rating for prostate cancer residuals from 100 percent to 40 percent disabling, effective July 1, 2020, was proper.

FINDINGS OF FACT

1. As of December 12, 2019, the Veteran’s prostate cancer has been in remission, with no recurrence or metastasis of the disease. 

2. The Veteran’s prostate cancer residuals were not productive of current cancer treatment, leakage or incontinence requiring the use of an appliance or the wearing of absorbent materials which must be changed more than four times per day, or renal dysfunction; they were productive of daytime voiding interval less than one hour and/or awakening to void five or more times per night.

CONCLUSION OF LAW

The reduction in rating for prostate cancer residuals was proper. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.105(e), (i), 3.344(c), 4.1, 4.115a, 4.115b, Diagnostic Code (DC) 7528.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Air Force from June 1964 to December 1971.

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction’s (AOJ) April 2020 Rating Decision. 38 C.F.R. § 20.301.

1. A reduction in the rating for prostate cancer residuals from 100 percent to 40 percent, effective July 1, 2020, was proper

The Veteran disputes the reduction in his rating for the residuals of his prostate cancer, from 100 percent to 40 percent effective July 1, 2020. The Board finds that the reduction was proper and based on the symptomology of the Veteran’s prostate cancer residuals, the current 40 percent disability rating is appropriate.

Generally, a disability rating will not be reduced unless an improvement in the disability is shown to have occurred. 38 U.S.C. § 1155. When VA makes a rating reduction without following the applicable regulations, the reduction is void ab initio. Greyzck v. West, 12 Vet. App. 288, 292 (1999). In considering the propriety of a reduction, the Board must focus on the evidence available to the Regional Office (RO) at the time the reduction was effectuated, although post-reduction evidence may be considered to determine whether the condition had demonstrated actual improvement. See Dofflemyer v. Derwinski, 2 Vet. App. 277, 281-282 (1992).

For reduction of ratings in place for at least five years, additional protections apply. Rating agencies are to handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability evaluations consistent with the laws and VA regulations governing disability compensation and pension. It is essential that the entire record of examinations and the medical-industrial history be reviewed to ascertain whether the recent examination was full and complete, including all special examinations indicated as a result of general examination and the entire case history. This applies to treatment of intercurrent diseases and exacerbations, including hospital reports, bedside examinations, examinations by designated physicians, and examinations in the absence of, or without taking full advantage of, laboratory facilities and the cooperation of specialists in related lines. 38 C.F.R. § 3.344(a). Here, the rating was not in place for five years, as the 100 percent rating was awarded September 8, 2015 and the reduction took effect on July 1, 2020.

Examinations less full and complete than those on which payments were authorized or continued will not be used as a basis of reduction. Moreover, though material improvement in the physical condition is clearly reflected the rating agency will consider whether the evidence makes it reasonably certain that the improvement will be maintained under the ordinary conditions of life. If doubt remains, after according due consideration to all the evidence developed, the rating agency will continue the rating in effect. 38 C.F.R. § 3.344(b).

The provisions of 38 C.F.R. § 3.105(e) allow for a rating reduction when warranted by the evidence, but only after following certain procedural guidelines. The RO must issue a rating action proposing the reduction and setting forth all material facts and reasons for the reduction. The Veteran must then be given 60 to submit additional evidence and 30 days from the date of the proposed reduction to request a predetermination hearing. Then, a rating action will be taken to effectuate the reduction. The effective date of the reduction must be after the last day of the month in which a 60-day period from the notice of the rating action ends. 38 C.F.R. § 3.105(e), (i).

VA reduced the Veteran’s evaluation to 40 percent effective July 1, 2020 in a rating decision dated April 9, 2020. He was notified of the reduction in a letter dated December 20, 2019 and was given full notice of the proposed reduction in compliance with 38 C.F.R. § 3.105(e). The evidence was clear that his cancer was in remission and was no longer being treated, see December 2019 VA examination. He was afforded a full and complete VA examination, and its findings were consistent with the entirety of his treatment records. He has provided no evidence or argument against the finding that his cancer was in remission and was no longer being treated. For these reasons, the Board finds that the Veteran’s reduction in rating for prostate cancer was in accordance with the procedures set forth under 38 C.F.R. § 3.105 and was proper.

The Board now turns to the 40 percent rating assigned for the residuals of the Veteran’s prostate cancer and finds that the 40 percent disability rating is appropriate for the symptomology shown.

Disability evaluations are determined by application of the criteria set forth in the VA’s Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. Part 4. An evaluation of the level of disability present must also include consideration of the functional impairment of the Veteran’s ability to engage in ordinary activities, including employment. 38 C.F.R. § 4.10. 

When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. The Veteran’s entire history is to be considered when making disability evaluations. 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995).

Here, the Veteran’s prostate cancer is rated under 38 C.F.R. § 4.115b, Diagnostic Code 7528, for malignant neoplasms of the genitourinary system. Under this code, a 100 percent rating is warranted for malignant neoplasms, and, following the cessation of surgical, x-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of six months. If there has been no local reoccurrence or metastasis, the disability is rated on residuals as renal dysfunction or voiding dysfunction, whichever is predominant; in this case, voiding dysfunction is the predominant residual.

For renal dysfunction, a 100 percent rating is warranted for dysfunction requiring regular dialysis or precluding more than sedentary activity from one of the following: persistent edema and albuminuria; blood urea nitrogen (BUN) more than 80 mg percent; creatinine more than 8 mg percent; or markedly decreased function of kidney or other organ systems, especially cardiovascular. An 80 percent rating is warranted for persistent edema and albuminuria with BUN 40 to 80 mg percent, for creatinine 4 to 8 mg percent, or for generalized poor health characterized by lethargy, weakness, anorexia, weight loss, or limitation of exertion. A 60 percent rating is warranted for constant albuminuria with some edema, for definite decrease in kidney function, or for hypertension compensable as at least 40 percent disabling under Diagnostic Code 7101. A 30 percent rating is warranted for albumin constant or recurring with hyaline and granular casts or red blood cells, for transient or slight edema, or for hypertension compensable as at least 10 percent disabling under Diagnostic Code 7101. A noncompensable rating is warranted for albumin and casts with history of acute nephritis or for hypertension noncompensable under Diagnostic Code 7101. Of note, the medical evidence of record does not show renal dysfunction as a residual of the Veteran’s prostate cancer.

Voiding dysfunction is rated based on urinary frequency, leakage, or obstructed voiding. 

For urinary frequency, daytime voiding interval less than one hour or awakening to void five or more times per night warrants a 40 percent rating. Daytime voiding interval between one and two hours or awakening to void three to four times per night warrants a 20 percent rating. Daytime voiding interval between two and three hours or awakening to void two times per night warrants a 10 percent rating. 38 C.F.R. § 4.115a.

For urinary leakage, leakage or incontinence requiring the use of an appliance or the wearing of absorbent materials which must be changed more than 4 times per day warrants a 60 percent rating. Leakage or incontinence requiring the wearing of absorbent materials which must be changed 2 to 4 times per day warrants a 40 percent rating. Leakage or incontinence requiring the wearing of absorbent materials which must be changed fewer than 2 times per day warrants a 20 percent rating. 38 C.F.R. § 4.115a.

For obstructed voiding, urinary retention requiring intermittent or continuous catheterization warrants a 30 percent rating. A 10 percent rating is warranted for marked obstructive symptomatology (hesitancy, slow or weak stream, decreased force of stream) with any one or combination of the following: (1) post void residuals greater than 150 cc; (2) uroflowmetry, markedly diminished flow rate (less than 10 cc per second); (3) recurrent urinary tract infections secondary to obstruction; or (4) stricture disease requiring periodic dilatation every two to three months. A noncompensable rating is warranted for obstructive symptomatology with or without stricture disease requiring dilatation one to two times per year. 38 C.F.R. § 4.115a.

In response to the letter of proposed reduction of rating for the Veteran’s prostate cancer residuals, the Veteran asserted that although his prostate cancer is in remission, it “can reappear at any time.” He noted the record of radiation treatment in 2019 to support his assertion that his cancer could appear again, requiring further treatment. In March 2019 he wrote that his initial “treatment ended during the Fall of 2018 but my PSA level started to rise during the early [winter] 2019 and I am now receiving additional treatment at George Washington University Center…in the form of Radiation and Eligard. According to my Oncology Radiation surgeon, my prognosis is good, and I will continue to be monitored upon the completion of the new treatment.” As a result of this information with accompanying medical evidence, the Veteran’s 100 percent rating was continued in an April 2019 rating decision.

The Veteran attended a VA Prostate Cancer examination in December 2019. The examiner noted the initial diagnosis of prostate cancer in 2007 and that it was currently in remission, described as watchful waiting, not currently undergoing any treatment. The Veteran’s voiding function was reported as: requires absorbent material which must be changed less than 2 times per day; no use of an appliance for voiding dysfunction; urinary frequency as nighttime awakening to void 5 or more times; voiding obstruction noted as markedly slow stream and markedly weak stream, as well as recurrent urinary tract infections secondary to the obstruction. His urinary tract infections were reported as requiring hospitalization 1 or 2 times per year. Residual conditions were described as “continues to have loose stools, and frequent urination especially at night 5-6 times and 9-10 times during the day.”

Based on the full and complete VA examination for the Veteran’s prostate cancer residuals, the Board observes that the Veteran’s urinary frequency and voiding symptoms, reported as voiding 5 or more times at night and 9-10 times in the day, meet the criteria for 40 percent disabling under 38 C.F.R. § 4.115a, 4.115b, DC 7528. The other symptoms reported show absorbent material which must be changed less than 2 times per day, which corresponds to a 20 percent disability rating; marked obstructive symptomology (markedly slow stream and markedly weak stream) which corresponds to a 10 percent disability rating; and, 1 to 2 hospitalizations for urinary tract infections, which corresponds to a 10 percent disability rating. Thus, giving the benefit of the doubt to the Veteran, a 40 percent disability rating is the highest rating shown by the medical evidence of record for the residuals of the Veteran’s prostate cancer. Of note, the evidence of record does not show that the Veteran’s voiding function of urine leakage, frequency or obstructed voiding required the use of an appliance or the wearing of absorbent materials which must be changed more than 4 times per day, which corresponds to a 60 percent disability rating.

(Continued on the next page)

 

Accordingly, as the file shows that the Veteran’s prostate cancer is in remission and that he has not received treatment for prostate cancer since 2019, the Board finds that the Veteran’s reduction in rating for prostate cancer, effective July 1, 2020, was proper. Moreover, the probative medical evidence of record shows that the 40 percent disability rating currently assigned for the prostate cancer residuals is appropriate. 38 C.F.R. § 3.15, 4.115a, 4.115b, DC 7528.

 

T. REYNOLDS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board L. Nelson

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.